ELIZABETH A. WOLFORD, United States District Judge *15 INTRODUCTION
By Decision and Order filed on March 7, 2018 (the "Decision and Order") (Dkt. 225), this Court granted in part and denied in part Defendants' motion for summary judgment (Dkt. 177). Defendants now move, pursuant to Federal Rule of Civil Procedure 54(b), for reconsideration of certain aspects of the Decision and Order and request clarification of others. (Dkt. 226). For the reasons that follow, Defendants' motion for reconsideration is denied.
BACKGROUND
The factual background and procedural history relevant to this motion are set forth in detail in the Court's Decision and Order, with which familiarity is assumed. (Dkt. 225). The Court provides only a brief summary, as well as additional background information as relevant to this motion.
Plaintiff Kevin Damion Crichlow ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 in the Southern District of New York on October 16, 2012. (Dkt. 2). Plaintiff filed an amended complaint seeking relief against 136 Defendants on June 17, 2013. (Dkt. 12). The action was transferred to this Court on April 28, 2015. (Dkt. 168). The Court severed the action on February 10, 2017. (Dkt. 223). Following severance, 35 Defendants (collectively, "Defendants") remain. (See id. at 5-6). After severance, this Court retained Plaintiff's claims in which he asserts violations of his constitutional rights relating to his incarceration at the Wende Correctional Facility ("Wende") and treatment at Wyoming Community Hospital. (See Dkt. 223; Dkt. 12 at ¶¶ 24-71).
Plaintiff alleges inadequate medical care, in violation of the Eighth Amendment, deprivation of adequate nutrition and hygiene, failure to provide reasonable accommodations for his hearing disability, harassment and verbal abuse, and violation of his Fourteenth Amendment due process rights, among other things. (See Dkt. 12). In their motion for summary judgment, Defendants argued: (1) that certain claims are time-barred by the statute of limitations; (2) that many of Plaintiff's claims must be dismissed for failure to exhaust administrative remedies; and (3) that Plaintiff's due process rights were not violated. (Dkt. 177-5 at 3-7).
In its Decision and Order, the Court granted Defendants' motion for summary judgment regarding Plaintiff's alleged due process claims, but denied the motion as to Plaintiff's Eighth Amendment claims related to the alleged denial of adequate medical treatment and adequate food and nutrition, as well as Plaintiff's claims alleging retaliation and the failure to provide reasonable accommodations for Plaintiff's disability. (Dkt. 225 at 18). With respect to Defendants' argument that Plaintiff had failed to exhaust administrative remedies, the Court concluded that Defendants had failed to meet their burden to establish the absence of any issue of material fact. (Id. at 14). Defendants submitted a printout listing the titles and grievance numbers of the 23 exhausted grievances that arose at Wende but did not submit paperwork relating to the grievances themselves or the final resolution of the exhausted grievances. (Id. ). Thus, the Court was unable to *16 determine whether the claims raised in this action are those which have been exhausted. (Id. ). On March 10, 2017, Defendants moved for reconsideration of the Court's decision to deny summary judgment on the basis of failure to exhaust administrative remedies, as well as for clarification of certain other aspects of the Decision and Order. (Dkt. 226). Plaintiff filed his response in opposition to Defendants' motion on June 5, 2017. (Dkt. 238).
DISCUSSION
I. Motion for Reconsideration
A. Standard for Reconsideration under Rule 54(b)
Under Fed. R. Civ. P. 54(b), this Court has inherent power to reconsider its own decisions prior to the entry of a judgment adjudicating all the claims. See Fed. R. Civ. P. 54(b) ("[A]ny order or other decision ... that adjudicates fewer than all the claims ... does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). However, the Second Circuit has "limited district courts' reconsideration of earlier decisions under Rule 54(b) by treating those decisions as law of the case." Official Comm. of Unsecured Creditors of the Color Tile, Inc. v. Coopers & Lybrand, LLP , 322 F.3d 147, 167 (2d Cir. 2003). Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California , 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983). A district court "has discretion to revisit earlier rulings in the same case, subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.' " Reyes v. Phillips , No. 02 CIV. 7319 (LBS), 2005 WL 2173812, at *6 (S.D.N.Y. Sept. 6, 2005) (quoting Zdanok v. Glidden Co. , 327 F.2d 944, 953 (2d Cir. 1964) ).
Decisions considered under Rule 54(b)"may not usually be changed unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.' " Id. (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd. , 956 F.2d 1245 (2d Cir. 1992) ). "With respect to the third of these criteria, to justify review of a decision, the Court must have 'a clear conviction of error on a point of law that is certain to recur.' " Turner v. Vill. of Lakewood , No. 11-CV-211-A, 2013 WL 5437370, at *3 (W.D.N.Y. Sept. 27, 2013) (quoting United States v. Adegbite , 877 F.2d 174, 178 (2d Cir. 1989) ). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." Boyde v. Osborne , No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 17, 2013) (quoting Griffin Indus., Inc. v. Petrojam, Ltd. , 72 F.Supp.2d 365, 368 (S.D.N.Y. 1999) ).
B. Application
Defendants seem to bring their Rule 54(b) motion based on a "need to correct a clear error or prevent a manifest injustice." Reyes , 2005 WL 2173812, at *6. Defendants argue that the Court erred in denying summary judgment based on failure to exhaust administrative remedies. (Dkt. 226-1 at 3-4). Although Defendants do not seek reconsideration of the ruling that Plaintiff's claims pertaining to denial of medical care, nutrition, hygiene, and reasonable accommodations for Plaintiff's disability survive summary judgment, they contend that, as to all other claims arising *17 during the relevant time period, it is undisputed that Plaintiff did not exhaust a grievance. (Id. at 4). According to Defendants, the Court "found that, while Plaintiff did exhaust 23 grievances in 2008 and early 2009, no grievances were exhausted from October 10, 2009 through the end of 2012 pertaining to [Wende], other than the two previously provided to the Court." (Id. at 3). Defendants then list five specific claims asserted in Plaintiff's complaint and argue that "[i]t is undisputed that Plaintiff did not exhaust a grievance pertaining to [those] claim[s]." (Id. )[1]
Defendants misunderstand the Court's Decision and Order. The Court did not find that "no grievances were exhausted from October 10, 2009 through the end of 2012" apart from the two provided to the Court. Rather, the Court concluded that the parties had not submitted sufficient evidence to determine whether the claims raised in this action have been exhausted. (Dkt. 225 at 14). The Court noted that Defendants had provided only a printout listing the titles and grievance numbers of the 23 exhausted grievances that arose at Wende, and that it was equally possible that either none or all of those 23 exhausted grievances relate to actions taken by Defendants. (Id. ).
Furthermore, Defendants misunderstand the standard for summary judgment. Defendants state that it is undisputed that Plaintiff did not exhaust grievances pertaining to certain claims (Dkt. 226-1 at 3), but the fact that no opposing evidentiary matter is presented is not sufficient to meet the movant's burden of production, Vermont Teddy Bear Co. v. 1-800 Beargram Co. , 373 F.3d 241, 244 (2d Cir. 2004). Thus, the fact that Plaintiff did not oppose Defendants' statement, in their Rule 56 statement of undisputed facts, that "Plaintiff exhausted no grievances from October 16, 2009 through the end of that year, one grievance in 2010, claiming he was denied surgery, one grievance in 2011, pertaining to conditions in keeplock, and one grievance in 2012 during the relevant period, alleging a member of staff made an insulting remark about his hearing loss" (Dkt. 177-3 at ¶ 2) is not determinative. The Court concluded that Defendants had failed to meet their burden to establish the lack of any issue of material fact with respect to their exhaustion argument, and the Court reaffirms that finding on reconsideration.
II. Request for Clarification
Defendants also ask the Court to clarify its Decision and Order in two respects: (1) whether Plaintiff's allegations that he was sexually harassed or assaulted in 2008 and mid-2009 are dismissed as time-barred; and (2) whether Plaintiff's retaliation claims are dismissed as time-barred. (Dkt. 226-1 at 4-5).
In its discussion of Defendants' statute of limitations argument, the Court stated that "any claim arising before October 16, 2009, is barred by the statute of limitations." (Dkt. 225 at 7). However, the Court concluded that the continuing violation doctrine applied to save the following otherwise time-barred claims: Plaintiff's claims for deliberate indifference to medical needs, inadequate food and hygiene, and failure to provide reasonable accommodations for Plaintiff's hearing disability.
*18 (Id. at 11). The Court clarifies that, other than the claims specifically saved by application of the continuing violation doctrine, Plaintiff's claims arising before October 16, 2009, are barred by the statute of limitations.
With respect to Defendants' argument that all retaliation claims should be dismissed because the "Court has already found, as a matter of fact and law, that all retaliation claims after October 16, 2009 are unexhausted" (Dkt. 226 at 5), the Court disagrees, for the reasons explained above.
CONCLUSION
For the foregoing reasons, Defendants' motion for reconsideration (Dkt. 226) is denied. The Court also clarifies that all claims arising before October 16, 2009, are dismissed as time-barred with the exception of Plaintiff's claims for deliberate indifference to medical needs, inadequate food and hygiene, and failure to provide reasonable accommodations for Plaintiff's hearing disability, as stated in the Decision and Order. (Dkt. 225 at 11).
SO ORDERED.

For his part, Plaintiff states that he is in agreement with the Decision and Order. (Dkt. 238 at 1). However, he goes on to argue that none of the claims in his amended complaint are time-barred. (Id. at 1, 8). Plaintiff does not argue that there has been a change in controlling law or that new evidence is available, and he does not argue that there is a need to correct a clear error or prevent a manifest injustice. The Court will not construe Plaintiff's opposition to the motion for reconsideration as a cross-motion.